UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

```
-------------------------------------------------------x
JAMES BLEDSOE,                                 :
an individual,                                 :   CASE NO.:
                                               :
          Plaintiff,                           :   Judge:
                                               :
vs.                                            :   Magistrate Judge:
                                               :
                                               :
SEALY SOUTHTOWN, L.L.C.,                       :
SEALY UPTOWN, L.L.C., and                      :
SEALY OPERATING III, INC.                      :
                                               :
          Defendants.                          :
-------------------------------------------------------x
```

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, JAMES BLEDSOE, by and through his undersigned counsel, hereby files this Complaint and sues SEALY SOUTHTOWN, L.L.C. ("SOUTHTOWN"), SEALY UPTOWN, L.L.C. ("UPTOWN"), and SEALY OPERATING III, INC. ("OPERATING") (collectively referred to as "DEFENDANTS"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JAMES BLEDSOE, (hereinafter referred to as "MR. BLEDSOE"), is a person of

        the age of majority and a resident of Caddo Parish, Louisiana.

4. MR. BLEDSOE is a qualified individual with a disability under the ADA. MR. BLEDSOE is afflicted with T2 paraplegia. MR. BLEDSOE is also missing his left leg at the knee.

5. Due to his disability, MR. BLEDSOE is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, SOUTHTOWN is a limited liability company organized in the State of Louisiana and doing business in Caddo Parish, Louisiana.

7. Upon information and belief, SOUTHTOWN is domiciled at 333 Texas Street, Suite 1050, Shreveport, LA 71101.

8. Upon information and belief, UPTOWN is a limited liability company organized in the State of Louisiana and doing business in Caddo Parish, Louisiana.

9. Upon information and belief, UPTOWN is domiciled at 333 Texas Street, Suite 1050, Shreveport, LA 71101.

10. Upon information and belief, OPERATING is a corporation organized in the State of Louisiana and doing business in Caddo Parish, Louisiana.

11. Upon information and belief, OPERATING is domiciled at 333 Texas Street, Suite 1050, Shreveport, LA 71101.

12. Upon information and belief, OPERATING was formerly known as Sealy & Company, Incorporated, and changed its name in 2008.

13. Upon information and belief, UPTOWN is the owner and/or operator of all or a portion of the real properties and improvements which is the subject of this action, to wit: the Uptown

Center, generally located at 4800 – 5886 Line Avenue, Shreveport, LA 71106 (hereinafter referred to as "the Property").

14. Upon information and belief, SOUTHTOWN is the owner and/or operator of all or a portion of the Property.

15. Upon information and belief, OPERATING is the owner and/or operator of all or a portion of the Property.

16. DEFENDANTS are obligated to comply with the ADA.

17. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Caddo Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

18. MR. BLEDSOE realleges and reavers Paragraphs 1 - 17 as if they were expressly restated herein.

19. The Property is a place of public accommodation, subject to the ADA, generally located at: 4800 – 5886 Line Avenue, Shreveport, LA 71106.

20. The Property is a shopping center which contains various tenants including Papa Murphy's Take & Bake ("Papa Murphy's"), Jason's Deli, Eye Care, Gymboree Play & Music ("Gymboree"), and Starbuck's Coffee.

21. MR. BLEDSOE lives less than three and one half (3.5) miles away from the Property.

22. MR. BLEDSOE has visited the Property numerous times in the past and desires to visit the Property again in the near future.

23. Upon information and belief, MR. BLEDSOE's last visit to the Property prior to filing this original Complaint was on July 30, 2016.

24. Upon information and belief, during his visit to the Property on July 30, 2016, MR. BLEDSOE patronized the Papa Murphy's.

25. During his visits to the Property, MR. BLEDSOE has experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 31 of this Complaint.

26. MR. BLEDSOE continues to desire to visit the Property, but fears he will continue to experience serious difficulty due to the barriers discussed below in Paragraph 31, which still exist.

27. The barriers discussed below in Paragraph 31 are excluding MR. BLEDSOE from the programs and activities offered at the Property.

28. The barriers discussed below in Paragraph 31 are excluding MR. BLEDSOE from the equal enjoyment of the programs and activities offered at the Property.

29. MR. BLEDSOE plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein still exist or have been modified.

30. MR. BLEDSOE presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

31. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

A. The accessible parking is not properly disbursed throughout the Property as there is no accessible parking at the southern end of the Property;

B. At the restroom of the Papa Murphy's, the door handle requires an impermissible tight grasping and squeezing maneuver to operate;

C. At the restroom of the Papa Murphy's, the flushing mechanism in the water closet is on the wrong side, and impermissibly close to the wall;

D. The cross-slope on the promenade near the Papa Murphy's is impermissibly steep;

E. The cross-slope on the promenade near the Eye Care is impermissibly steep;

F. The cross-slope on the promenade between the Eye Care and the Jason's Deli is impermissibly steep;

G. There is a built up curb ramp in the access aisle of the accessible parking space in front of the Eye Care;

H. The United States Postal Service mailboxes between the Eye Care and the Jason's Deli have been raised up to an impermissible height;

I. The curb ramp in front of the Gymboree is impermissibly narrow;

J. The ramps leading up to the Starbucks Coffee have non-compliant slopes;

K. The outdoor seating area of the Starbuck's Coffee lacks accessible seating;

L. Other mobility-related ADA barriers to be identified after a complete inspection of the Property.

32. MR. BLEDSOE demands a full and complete inspection of this Property for all mobility-related ADA barriers.

33. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

34. Upon information and belief, DEFENDANTS have failed to ensure that any portions of the Property altered since January 26, 1992 are readily accessible to and useable by individuals who use wheelchairs to the maximum extent feasible.

35. Upon information and belief, DEFENDANTS have failed to adopt any alternatives to barrier removal which would provide MR. BLEDSOE with access to the accommodations which are offered for public use at the Property.

36. MR. BLEDOSE continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 31 are removed.

37. MR. BLEDSOE intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANTS will continue to discriminate against him by failing to modify the barriers at the Property.

38. Upon information and belief, removal of the discriminatory barriers to access located at the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

39. Upon information and belief, removal of the barriers to access located at the Facility would provide MR. BLEDSOE an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANTS offer to the general public.

40. Independent of his intent to return as a patron to the Property, MR. BLEDSOE additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

41. MR. BLEDSOE has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. BLEDSOE is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. BLEDSOE demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BLEDSOE; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

        Respectfully Submitted,

        THE BIZER LAW FIRM
        Attorneys for Plaintiff
        Andrew D. Bizer (LA # 30396)
        andrew@bizerlaw.com
        Garret S. DeReus (LA # 35105)
        gdereus@bizerlaw.com
        Marc P. Florman (LA # 35128)
        mflorman@bizerlaw.com
        3319 St. Claude Ave.
        New Orleans, LA 70117
        T: 504-619-9999; F: 504-948-9996

By:/s/ Marc P. Florman
     MARC P. FLORMAN